IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER McSWAIN,

                 Plaintiff,

      v.

JAMES GREER, RICK RAEMISCH,
GREG GRAMS, ALICE ROGERS,
MARLYS KERR and MICHAEL S. THURMER,

             Defendants.

OPINION AND ORDER

09-cv-649-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Christopher McSwain, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has filed a proposed civil complaint and a request for leave to proceed in forma pauperis. Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915(g) in any suit he files during the remaining period of his incarceration unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. After reviewing the complaint, I conclude that plaintiff's request for leave to proceed in forma pauperis must be denied with respect to all but one of plaintiff's claims because these claims do not qualify for the imminent danger exception under § 1915(g). I will dismiss without prejudice plaintiff's

1

remaining claim that appears to suggest that he may be in imminent danger because this claim does not comply with Fed. R. Civ. P. 8. Plaintiff will have an opportunity to submit an amended complaint giving defendants proper notice of their involvement in the alleged violations of his rights.

ALLEGATIONS OF FACT

Plaintiff Christopher McSwain is a prisoner at the Columbia Correctional Institution in Portage, Wisconsin. Defendant James Greer is the director of the Bureau of Health Service; Greg Grams is the warden of the Columbia Correctional Institution; Michael Thurmer is the warden of the Waupun Correctional Institution; Alice Rogers is a financial specialist and Marlys Kerr is the financial program supervisor.

Plaintiff is a diabetic. The Columbia Correctional Institution is taking 75% of his income and any gift money he receives from outside sources to pay his medical bills. As a result plaintiff does not have enough money in his account to purchase deodorant, shampoo, soap or canteen items to maintain his blood sugar level. Because plaintiff cannot afford hygiene items, he feels embarrassed about his body odor. Plaintiff's shortage of income causes him to feel stress and exacerbates his diabetic condition.

During plaintiff's incarceration at the Waupun Correctional Institution, the business office at the prison deducted 100% of plaintiff's income, even though plaintiff had no medical co-pays at the time.

2

DISCUSSION

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. McSwain v. Endicott; 96-C-84-C; (W.D. Wis. Feb. 9, 1996); McSwain v. McCaughtry; 97-C-1129; (E.D. Wis. Aug. 21, 1998); McSwain v. McCaughtry, 97-C-1133; (E.D. Wis. Aug. 21, 1998). Thus, he must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In the vast majority of the complaint, plaintiff does not allege facts from which an inference may be drawn that he is in imminent danger of serious physical

3

injury.  Plaintiff's claims that he suffers embarrassment and humiliation because he cannot afford as many hygiene items as he would like and that the medical debt repayment policies of Waupun Correctional Institution and Columbia Correctional Institution are unfair for an inmate with his condition cannot be considered to be subjecting plaintiff to physical harm.  Thus, these claims do not qualify under § 1915(g).

Plaintiff's remaining claim, that he is unable to afford canteen items to maintain his blood sugar level, does appear to relate to a current denial of adequate medical care.  However, plaintiff provides little detail explaining this claim.  In his complaint, plaintiff says only that "my sugers [sic] would not drop below 60 if I had something in my cell to help raze [sic] [them] up.  I cannot go to canteen like other inmates . . . ."  From this statement, it appears possible that plaintiff is being denied necessary items to maintain his physical health.  However, because plaintiff's claim is so lacking in specifics, I conclude that it violates Fed. R. Civ. P. 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Part of the requirement of Rule 8 is to give each defendant notice of the claim.  EEOC v. Concentra Health Services, Inc., 469 F.3d 773, 776 (7th Cir. 2007) ("[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")  Plaintiff does not allege that he requested any treatment for his condition or that any of the named defendants denied him medical treatment for his condition.  Defendants would be

4

unable to respond to the allegations as they currently stand.

Given the defects in plaintiff's claims, he has several choices to make.

1. He may proceed on his claims regarding hygiene items and medical debt policies at Columbia Correctional Institution and Waupun Correctional Institution if he pays the full $350 filing fee.  Plaintiff may have until December 4, 2009 to advise the court whether he wishes to proceed on these claims, in which case he must enclose a check or money order made payable to the clerk of court in the amount of $350.  Should plaintiff not make the $350 payment by December 4, 2009, I will assume that he does not want to pursue his claims regarding hygiene items and medical debt policies and I will dismiss them without prejudice.

2. He may be able to proceed in forma pauperis on his denial of medical care claim if he can show he is in imminent danger *and* he amends his complaint to comply with Rule 8.  He may have until December 4, 2009 in which to file an amended complaint concerning the denial of medical treatment.  When amending his complaint, he should include enough specific detail about his claim to allow a person reading the complaint to answer the following questions:

• What are the *facts* that form the basis for plaintiff's claim?  (It is not enough for plaintiff to allege that he was denied medical treatment; he must allege that he asked for the medical care and that a defendant was deliberately indifferent to his request.)

• What did each defendant do that makes him or her liable for violating plaintiff's rights?

5

• When did each incident occur?

• How was plaintiff injured by the acts of a particular defendant?

Once plaintiff has complied with the requirements for amendment, I will screen his complaint under 28 U.S.C. §§ 1915 or 1915A and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  This screening will occur even if plaintiff pays the full filing fee.

3. If plaintiff is allowed to proceed on his denial of medical care claim, he will still have to pay the full filing fee to proceed on his claims regarding hygiene items and medical debt policies.

4. Also, to allow the court to determine whether plaintiff qualifies for in forma pauperis status on his medical care claim, he should submit a trust account statement for the six months preceding the filing of his complaint.

Finally, I will note that in his complaint, plaintiff mentions that he is entertaining suicide as an option for handling his frustration with his lack of income, embarrassment about his hygiene and the distress he feels with regard to his condition.  As plaintiff is surely aware, suicide is a drastic and irrevocable act.  He should keep in mind that what feels hopelessly oppressive one day can seem far less so another day.  Every life is valuable, including plaintiff's.  I encourage him to work with the mental health professionals at the

6

institution to find positive ways of coping with his sadness.

ORDER

IT IS ORDERED that

1.  Plaintiff Christopher McSwain's request for leave to proceed in forma pauperis on his claims regarding hygiene items and medical debt policies at Columbia Correctional Institution and Waupun Correctional Institution is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g) on those claims.

2.  Plaintiff may have until December 4, 2009 to advise the court whether he wishes to (1) proceed with all of his claims and submit the full filing fee of $350; or (2) proceed only with his claim regarding denial of medical care, at which point his claims regarding hygiene items and medical debt policies will be dismissed.  If plaintiff chooses to proceed only on his denial of medical care claim, he must submit an amended complaint that complies with Fed. R. Civ. P. 8 *and* a trust account statement for the six months preceding the filing of his complaint no later than December 4, 2009.  If plaintiff fails to respond to this order by December 4, 2009, I will assume that he does not wish to proceed on any of his claims and this case will be

dismissed.

Entered this 13th day of November, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge